### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

JESUS SANTIAGO,
       Petitioner,

       v.

UNITED STATES OF AMERICA,
       Respondent.

No. 3:19-cv-1895 (MPS)

### RULING ON § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Jesus Santiago, who is currently serving a sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  He argues that (1) the government failed to prove that Santiago knew he was a felon when he possessed the gun, as required by *Rehaif v. United States,* — U.S. — , 139 S. Ct. 2191 (2019), a decision rendered after his sentence was affirmed on appeal; and (2) his counsel rendered ineffective assistance of counsel by failing to inform him that the Government needed to prove that he knew of his status as a felon.  For the reasons set forth below, Santiago's motion is DENIED.

### I.      BACKGROUND

In June 2016, a confidential source provided information to the Hartford Police Department that Santiago was travelling in a silver Ford Taurus station wagon in Hartford, Connecticut with two other individuals and that all three individuals were in possession of firearms. *United States v. Santiago*, No. 3:16CR00173(MPS), ECF No. 42 Presentence Report ("PSR") at ¶ 7. Officers on patrol observed a vehicle matching the description provided by the confidential source and later confirmed that the vehicle was a Mercury Sable station wagon

occupied by two, rather than three, individuals. *Id.* The officers observed the vehicle drop off one male, the only passenger, and proceed north on Wadsworth Street, at which time it began to accelerate, and went through a stop sign without stopping. *Id.* at ¶ 8. The officers activated their lights and sirens and the vehicle accelerated again as it went through Pulaski Circle toward the I-91 ramp. *Id.* The vehicle began to lose control while navigating the turn, struck the concrete barrier, and rolled to a stop. The officers observed the driver extend his arm out of the driver's window and drop a firearm. *Id.* They then secured Santiago, the only individual in the vehicle, and recovered the firearm, a Kel-Tec P3AT .380 caliber semi-automatic weapon, from the road where they had seen it dropped by Santiago. *Id.* at ¶¶ 8-9.

A federal grand jury returned a one count indictment against Santiago, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). PSR at 1. The Indictment indicated that Santiago had been previously convicted in Connecticut Superior Court of seven felonies since the year 2000.[1] *Santiago*, No. 3:16CR00173(MPS), ECF No. 1 ("Indictment") at 1. On February 13, 2017, Santiago appeared before me to change his plea from not guilty to guilty on the single count of the Indictment. ECF No. 42 at 1.

During the change of plea hearing, I asked Santiago if he was satisfied with having his attorney represent him in the proceeding, to which he replied "Yes." ECF No. 8-16 at 9. I asked if there was any way in which Santiago was not fully satisfied with his attorney's advice and representation, to which he replied "No." *Id.* at 14.

---

[1] The felonies include: (1) Possession of Narcotics, in violation of Connecticut General Statutes, Section 21a-279(a) (2013); (2) Possession of Narcotics, in violation of Connecticut General Statutes, Section 21a-279(a) (2013); (3) Violation of a Protective Order, in violation of Connecticut General Statutes, Section 53a-223 (2007); (4) Sale of a Hallucinogen/Narcotics, in violation of Connecticut General Statutes, Section 21a-277(a) (2007); (5) Robbery in the Second Degree, in violation of Connecticut General Statutes, Section 53a-135 (2003); (6) Possession of Narcotics, in violation Connecticut General Statutes, Section 21a-279 (2000); and (7) Possession of Narcotics, in violation of Connecticut General Statutes, Section 21a-279(a).

.

Later in the proceeding, the Government explained the elements of the offense contained

in the written plea agreement as follows:

> The elements on Count One of the Indictment charging him with possession of a firearm
> by a prohibited person, in violation of 18, United States Code, Section 922(g)(1) and
> 924(a)(2), the following essential elements must be satisfied:
> On or about June 21, 2016, the Defendant possessed a firearm in and affecting interstate
> commerce.
> Prior to the Defendant's possession of the firearm, the firearm had been transported and
> shipped in interstate commerce.
> And prior to the Defendant's possession of the firearm, he had been convicted of one or
> more crimes punishable by imprisonment of more than one year.

*Id.* at 37. There was no mention – either during the proceeding or in the plea agreement – of any

requirement that the Government prove that the defendant knew he was a felon at the time he

possessed the firearm.  Santiago entered a plea of guilty to Count One of the Indictment, and I

accepted the plea. *Id.* at 44.

The presentence report detailed Santiago's extensive criminal history including, but not

limited to, second degree robbery in 2001 for which he served 54 months of imprisonment, a

narcotics conviction in 2007 for which he served 84 months of imprisonment, and a violation of

a protective order in 2007 for which he was sentenced to 18 months of imprisonment,

concurrent. PSR at 8-10.

I sentenced Santiago to an imprisonment term of 75 months, three years of supervised

release, and a mandatory special assessment of $100.00 for his unlawful possession of a firearm.

*Santiago*, No. 3:16CR00173(MPS), ECF No. 46 ("Judgment") at 1.  Santiago appealed to the

Second Circuit, arguing that I had committed procedural error in my Sentencing Guidelines

calculation and that the sentence was substantively unreasonable. *United States v. Santiago*, 739

Fed. App'x 693, 694 (2d Cir. 2018).  The Circuit affirmed the judgment in a summary order. *Id.*

at 696.  The Supreme Court denied Santiago's petition for certiorari on January 7, 2019.  139 S.

Ct. 839.

On November 27, 2019, Santiago filed this *pro se* § 2255 motion to vacate, set aside, or

correct his sentence, relying primarily on the United States Supreme Court's decision in *Rehaif*,

which was decided on June 21, 2019. ECF No. 1.

## II.   LEGAL STANDARDS

Section 2255 permits collateral challenges to federal convictions. 28 U.S.C. § 2255(a)

("A prisoner in custody under sentence of a court established by Act of Congress claiming the

right to be released upon the ground that the sentence was imposed in violation of the

Constitution or laws of the United States … may move the court which imposed the sentence to

vacate, set aside or correct the sentence.").  If the petitioner seeks to challenge his conviction on

a ground that he failed to raise on direct appeal, however, the collateral challenge is barred unless

the petitioner can establish (1) cause for the procedural default and ensuing prejudice -- the

"cause-and-prejudice standard," *United States v. Frady*, 456 U.S. 152, 159 (1982), or (2) actual

innocence. *See Gupta v. United States*, 913 F.3d 81, 84-85 (2d Cir. 2019) ("[A] collateral

challenge may not do service for an appeal….  Where a defendant has procedurally defaulted a

claim by failing to raise it on direct review, the claim may be raised in habeas only if the

defendant can first demonstrate either cause and actual prejudice…. or that he is actually

innocent…." (internal citations and quotation marks omitted)). "In order to demonstrate cause, a

defendant must show some objective factor external to the defense … such that the claim was so

novel that its legal basis [was] not reasonably available to counsel." *Id.* (citations and internal

quotation marks omitted).

One exception to the procedural default rule exists when a petitioner raises an ineffective assistance of counsel claim pursuant to § 2255.  Such a claim can be brought irrespective of whether the petitioner raised the claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 503-04 (2003) (agreeing with the majority of Courts of Appeals that "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal") (citations omitted). I address Santiago's *Rehaif* and ineffective assistance of counsel claims in turn.

III.    **DISCUSSION**

A. ***Rehaif* Claim**

Santiago argues that the "Government never met its burden of proof to show that [] Santiago had knowledge of his status as being prohibited from possessing a firearm" because at the "plea hearing he never admitted to knowing that he could not possess a firearm, or that he knew that he was barred from exercis[ing his] Second Amendment right to possess a firearm." ECF No. 1 at 5.  In *Rehaif*, the United States Supreme Court held that, to establish a violation of §§ 922(g) and 924(a)(2), the statutes under which Santiago was convicted, "the Government … must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  139 S. Ct. at 2194.  The Court explained that if the provisions "were construed to require no knowledge of status," then they "might apply to a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is *punishable* by imprisonment for a term exceeding one year." *Id.* at 2197-98 (emphasis in original).  According to Santiago, his conviction should be vacated because the Government failed to meet the requisite burden established in *Rehaif. Id.*  Santiago asserts that he failed to raise this argument on direct appeal because *Rehaif* was decided after his appeal and

"was not the law" at the time of his appeal. *Id.* Santiago's claim fails because he has not shown that he was prejudiced under the cause and prejudice standard.

### 1. *Cause*

District Courts within the Second Circuit are not in agreement as to whether a petitioner whose conviction became final before the Supreme Court decided *Rehaif* can establish cause to excuse his failure to raise on direct appeal his claimed lack of knowledge of his status as a felon. One district court assumed a showing of cause and suggested that such a claim had not been "reasonably available" to the petitioner before *Rehaif*, relying in part on Justice Alito's observation in his *Rehaif* dissent that 'all the courts of appeals to address the question [of whether the Government needed to prove a petitioner's knowledge of his relevant status] held that [the Government did not].'" *United States v. Jones*, 19-CV-9376, 2020 WL 4887025, *2 (S.D.N.Y. Aug. 19, 2020) (quoting *Rehaif*, 139 S. Ct. at 2210 (Alito, J., dissenting); *see also Figueroa v. United States*, No. 16-CV4469, 2020 WL 2192536, *5 (S.D.N.Y. May 6, 2020) (finding that the petitioner demonstrated cause because *Rehaif* overturned "a longstanding and wide practice as to which a near unanimous body of lower court authority had expressly approved but as to which the Supreme Court had not spoken."). On the other hand, the district court in *Bryant* reasoned that the *Rehaif* issue was not "so novel that its legal basis [was] not reasonably available to counsel" because the issue had been "percolating in the courts for years." *Bryant*, 2020 WL 353424, *3 (citing cases).

There is some support in the Second Circuit for the notion that that a knowledge element challenge was reasonably available to Santiago at the time of his direct appeal, even though *Rehaif* had not yet been decided. In *Gutpa*, a Section 2255 petitioner argued that a Second Circuit decision, *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), issued after his direct appeal, rendered a jury instruction in his trial legally invalid. *Gutpa*, 913 F.3d at 83. The Court

pointed out, however, that before *Newman* was decided, "the same objection had been pressed by defendants in other cases…. If other counsel were able to raise the argument … we cannot say the same argument was unavailable to [the petitioner's] appellate counsel." *Id.* at 85. Nonetheless, I assume, without deciding, that Santiago has shown cause for his failure to raise the challenge on direct appeal based on precedent prior to *Rehaif*.

### 2. *Prejudice*

As noted above, Santiago must also show prejudice to excuse the procedural default. Specifically, Santiago bears the burden of showing that the potential error in the guilty plea not merely "created a *possibility* of prejudice," but that the error "worked to his *actual* and substantial disadvantage, infecting his entire [guilty plea] with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). Santiago has failed to show that he suffered an actual and substantial disadvantage from the Government's failure to establish that he knew at the time of his unlawful possession that he previously had been convicted of a crime punishable by imprisonment for more than one year.[2]

There is no doubt that Santiago was a convicted felon at the time of the unlawful possession; he was convicted of seven felonies prior to his arrest in this case. Nor can there be any real doubt that he knew he was a felon when he possessed the gun; he had been sentenced three times to terms of imprisonment of more than one year, ultimately spending more than ten years incarcerated. PSR at ¶ 35. His longest period of uninterrupted time served exceeded four years. *Id.*; *see Figueroa*, 2020 WL 2192536, *5 ("[A]ny argument that Petitioner was prejudiced

---

[2] I note that although Santiago does not expressly argue that the Government's failure to charge the *Rehaif* knowledge element in the Indictment deprived the Court of jurisdiction, any such argument would fail under the Second Circuit's recent decision in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), which held that an indictment's failure to allege the *Rehaif* knowledge element "does not mean that the indictment fails to allege a federal offense in the sense that would speak to the district court's power to hear the case." *Id.* at 91.

… is belied by the sheer implausibility that after being sentenced to seven separate sentences of imprisonment of more than one year, and having in fact served more than one year in prison in connection therewith, Petitioner nevertheless lacked the requisite awareness of his restricted status.") (citation and internal quotation marks omitted) (collecting cases).   In addition, the Government has submitted transcripts of his guilty plea colloquies for several of those felonies, and those colloquies show that, in each case, the judge specifically advised Santiago that the crime to which he was proposing to plead guilty was a felony.  *See* ECF No. 8-4 at 10 (Court: "[S]o you do understand that it is what is known as a Class C Felony, it carries a maximum sentence of up to ten years in jail … do you understand that?" Santiago: "Yes."); ECF No. 8-10 at 11 (Court: "You understand that as a result of your conviction you'll be a felon…." Santiago: "Yes."); ECF No. 8-13 at 5 (Court: "Since this is a felony you will be required to provide DNA sample. Do you understand that?" Santiago: "Yes."); ECF No. 8-15 at 4 (Court: "Because this is a felony you will be required to provide a DNA sample. Do you understand that?" Santiago: "Yes.").  In other words, it is clear that the Government could have proven that Santiago knew he was a felon when he possessed the firearm in this case.[3]  Under these circumstances, Santiago cannot show prejudice from his failure to raise the *Rehaif* knowledge element on direct appeal.

### 3.  *Actual Innocence*

Although Santiago's claim fails under the cause and prejudice standard, Santiago's procedural default could be excused if he were to show actual innocence. To demonstrate actual innocence, "a defendant must prove his factual innocence, not mere legal insufficiency, and demonstrate that, in light of all the evidence, it is more like than not that no reasonable juror

---

[3] The Government did not need to prove that Santiago knew about the existence of the law prohibiting felons from possessing a firearm, because ignorance of the law is no excuse. *Rehaif*, 139 S.Ct. 2198.  Instead, *Rehaif* requires that the Government prove only that Santiago knew of his status as a felon. *Id.*

would have convicted him." *Id.* Santiago's § 2255 motion, however, is devoid of any allegation or evidence suggesting actual innocence. In any event, the evidence summarized above – including his service of terms of imprisonment exceeding one year for several offenses and the specific advice he was given that those offenses were felonies, all before he possessed the firearm in this case – makes clear that he cannot show actual innocence.

### B. <u>Ineffective Assistance of Counsel</u>

Santiago also argues that his conviction should be vacated because his counsel was ineffective. ECF No. 1 at 7. Specifically, he states that counsel "never informed him that the government would have to prove to [the] jury that petitioner had knowledge that he was barred from possessing a firearm," and that had he known, he would have not pled guilty but would have gone to trial instead. *Id.* As discussed previously, an ineffective assistance of counsel claim need not be brought on direct appeal and can be raised in a § 2255 challenge. Santiago's claim, however, fails because he has not shown that his attorney's performance was deficient or that he was prejudiced.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has held that this two-part test applies to ineffective assistance challenges in the plea bargain context. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance prong of the two-part *Strickland* test requires a showing that "counsel's representation fell below an objective standard of reasonableness," in light of "prevailing professional norms." *Strickland*, 466 U.S. at 688. "In applying this standard, a reviewing court must make every effort … to eliminate the distorting effects of hindsight and indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance … [and] might be considered sound trial strategy." *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005) (internal quotation marks omitted). With respect to plea-related claims of ineffective assistance, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59.  Both *Strickland* requirements must be satisfied; *Strickland*, 466 U.S. at 697; here, neither is.

The only argument that Santiago makes as to how his counsel performed deficiently or unreasonably is that counsel failed to inform him that the government had to prove that Santiago knew he was a felon.  At the time that Santiago entered his plea of guilty, *Rehaif* had not been decided, and counsel could not have predicted that such a decision would be issued. *See United States v. Morgan*, 406 F.3d 135, 137 n. 2-3 (2d Cir. 2005) (explaining that "no one can know or be expected to know the future," and that when ignorance about future case law is a "function of evolving judicial precedent," rather than a "constitutionally impermissible factor[] such as ethnic, racial or other prohibited biases…" a "favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.").  Counsel's failure to predict that *Rehaif* would clarify the knowledge element requirement does not constitute deficient or unreasonable performance under the *Strickland* test. *See Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994) ("Counsel is not required to forecast changes in the governing law.") (citation omitted).

Santiago has not pointed to any conduct by his counsel that would indicate deficient performance, other than counsel's inability to predict the outcome in *Rehaif*—nor could he, considering his sworn statements to the contrary during the change of plea hearing.  During that hearing, Santiago stated that he was satisfied with his attorney's representation and that there

was no way in which he was not fully satisfied with his attorney's advice and representation. ECF No. 8-16 at 9, 14.

Furthermore, because, as explained above, there is no real doubt that the Government could have proven that he knew he was a felon when he possessed the gun, Santiago cannot demonstrate prejudice under the second prong of the *Strickland* test.

## IV.    CONCLUSION

For the reasons set forth above, Santiago's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.


IT IS SO ORDERED.


Dated:  November 9, 2020
        Hartford, Connecticut

                                    _____/s/_____
                                    Michael P. Shea, U.S.D.J.

11